IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEFFREY TRAYWICK,

    Petitioner,

v.                                                                            No. 1:16-cv-01164-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.


ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    The Petitioner, Jeffrey Traywick, has filed, through counsel, a motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) For the reasons that follow, the Petition is DENIED.[1]

    In October 2013, Traywick pleaded guilty in the United States District Court for the Western District of Tennessee to bank robbery in violation of 18 U.S.C. § 2113. (*United States v. Traywick*, No. 1:13-cr-10078-JDB-1 ("No. 13-cr-10078"), D.E. 19.) He was determined to be subject to an increase in his offense level under the career offender provision, § 4B1.1, of the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G.").[2] (*See* Presentence Report ("PSR") ¶ 21.) His career offender status was based on a Missouri conviction for second-degree assault and a Tennessee conviction for aggravated burglary. (PSR ¶¶ 44, 51.)

---

    [1]Unless otherwise noted, record citations are to documents filed in the instant case.

    [2]All references to the Guidelines are to those in effect on the date of Traywick's sentencing in January 2014. *See* United States Sentencing Commission Guidelines Manual (eff. Nov. 2013).

In January 2014, the Court imposed a sentence of 140 months of incarceration and two years of supervised release. (No. 13-cr-10078, D.E. 27.) Traywick did not take a direct appeal.

The inmate subsequently filed the Petition, challenging the use of his Tennessee aggravated burglary conviction as a career offender predicate after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *rev'd United States v. Stitt*, 139 S. Ct. 399 (2018). He argues that the conviction does not qualify as a crime of violence under either the residual clause or the enumerated offenses clause of the career offender provision.

"[A] defendant is a career offender if (1) [he] was at least eighteen years old at the time of the instant offense, (2) the instant offense is either a crime of violence or a controlled-substance offense, and (3) 'the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.'" *United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017) (per curiam) (quoting U.S.S.G. § 4B1.1(a)). At the time of Traywick's sentencing, the Guidelines defined a "crime of violence" as any crime punishable by over one year of imprisonment that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

The provision set forth in subsection (1) is known as the "elements clause," and the first part of subsection (2) is referred to as the "enumerated offenses clause." *United States v. Morris*, 885 F.3d 405, 409 (6th Cir.), *cert. denied,* 139 S. Ct. 269 (2018). The language "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is the "residual clause." *Id.*

2

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), contains similarly-worded clauses. *See* 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the United States Supreme Court held that the ACCA's residual clause is unconstitutionally void for vagueness. *Johnson*, 135 S. Ct. at 2557. Therefore, an enhanced sentence under that clause violates due process as guaranteed by the Fifth Amendment. *Id.* at 2556-57.

In this case, Petitioner argues that *Johnson*'s ruling invalidated the residual clause of the Guidelines' career offender provision, such that his Tennessee aggravated burglary is no longer a predicate crime of violence. The argument is devoid of merit. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions, explaining that "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). "[T]he Guidelines," therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

Even if the residual clause in the career offender provision were unconstitutionally vague, Petitioner still would not be entitled to relief. His argument that Tennessee aggravated burglary is not categorically a crime of violence under the enumerated offenses clause after the Sixth Circuit's decision in *Stitt* lacks merit. In an *en banc* decision, the appellate court in *Stitt* held that Tennessee aggravated burglary does not qualify as an enumerated violent felony under the ACCA because it is broader than the generic definition of burglary. *See Stitt*, 860 F.3d at 857. However, after Traywick filed the Petition, the United States Supreme Court reversed the Sixth Circuit's ruling in *Stitt*, holding instead that Tennessee aggravated burglary "falls within the scope of generic burglary's definition." *Stitt*, 139 S. Ct. at 406. Because the inmate remains a career offender, the Petition is DENIED.

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

4

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED this 23rd day of May 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.